# Hosea W. Gray, plaintiff in error, *vs.* Lewis D. Phillips, for the use of Kenedy, defendant in error.

## *Error to Linn.*

A judgment may be rendered without any finding for the plaintiff by the court, upon the issue joined.

Where the whole matter is submitted to the court, there seems no necessity of making a formal report from itself to itself.

The verdict of the jury is for the purpose of informing the court for which party, and for what amount to render judgment.

Where a nominal plaintiff assigned away all his interest in the note sued on, it was held not sufficient to defeat the action. The objection could only serve as the basis of a motion to secure costs.

The holder of a note endorsed in blank, has a right to sue in the name of the blank endorser for his use.

An endorsement upon a note which is not material to the success of the action, need not be set forth in giving a copy of the instrument. But where the suit is brought by the endorsee against the maker, the endorsement is a material part of it, and must be set forth.

This was an action of assumpsit brought by Lewis D. Phillips for the use of Samuel H. Kenedy against Hosea W. Gray, upon a note of which the following is a copy:

"By the first day of January A. D. 1842, I promise to pay to A. Timmons, the sum of one hundred dollars.

"March 17, 1841.                              "H. W. GRAY."

Endorsed "John Ridgeway, without recourse on me, A. Timmons— pay Lewis D. Phillips, J. Rigeway."

The declaration contained two special counts, but no plea appears of record.

At September term, 1843, the record shows that the parties appeared by their attorneys and agreed to submit both the law and the fact to the court, "whereupon an issue being joined, the court after being fully advised in the premises, by hearing the testimony offered upon both sides, and the argument and allegations of the counsel, it is considered by the court that the plaintiff have and recover of the defendant the sum of one hundred and eight dollars, his damages." &c.

The bill of exceptions shows, that when the case came on for trial, the right to a jury was waived by both parties, and that on the trial the plaintiff produced the note, and the introduction of which was objected to on the ground of variance, and that the endorsement by Phillips showed that the plaintiff had no legal interest in the note. That the plaintiff's counsel sent for Phillips to prove that his whole interest in the note did not pass by his endorsement, and before he came in moved to strike out the endorsement of Phillips, which motion being undetermined they did not do at the time, but called Lewis D. Phillips, the last endorser, who upon examination by them, testified that he had parted with all his interest in said note, and that he placed his name thereon with the intention, and for the purpose of transferring the same, and that he then had no interest in said note. The plaintiff then urged his motion for leave to strike out the endorsement of Phillips, to which the defendant objected, and the court permitted the endorsement to be stricken out, and received the note in evidence, to which the defendant excepted.

The defendant below brings the case here upon a writ of error.

David, for plaintiff in error.

Gilbert, for defendant in error.

Per Curiam, Mason, Chief Justice.—The errors assigned in this case are:

1. The judgment was rendered without any finding for the plaintiff by the court or a jury, upon the issue joined in the court below.

2. The judgement was rendered without any assessment by the court, the clerk, or a jury, of the damages sustained by the plaintiff below.

3. The note produced in evidence ought to have been rejected as there was a material variance between the same and the copy filed with the plaintiff's declaration.

4. The court erred in permitting the endorsement of Phillips, the last endorser of the note produced in evidence, to be stricken out.

5. The court erred in receiving the note in evidence after it had been shown by the plaintiff's evidence that the plaintiff on record had no legal or beneficial interest therein.

6. The court erred in the rendition of the judgment upon the note and the other evidence.

The two first are founded upon the fact that no formal verdict was rendered in the case. After stating that the case was submitted to the

court, the record proceeds " whereupon an issue being joined, the court, after being fully advised in the premises by hearing the testimony offered upon both sides and the arguments and allegations of counsel, it is considered by the court that the plaintiff have and recover from the defendant the sum of one hundred and eight dollars, his damages herein, &c."

The verdict of the jury is for the purpose of informing the court for which party and for what amount to render judgment. Where the whole matter is submitted to the court, there seems no necessity of making a formal report of this kind, from itself to itself. We do not think therefore, that there has been any substantial error committed in this respect.

The objection that the nominal plaintiff had assigned away all his interest in the note, was not sufficient to have defeated the action. See Gage vs. Kendall, 15 Wendall, 640, and Lovell vs. Evertson 11 Johnson, 52. This could only serve as the basis of a motion in behalf of Philips, to require Kennedy to indemnify him against liability for costs.

We think too, that there was no substantial variance between the note declared upon and that offered in evidence, prior to erasing the blank endorsement of Philips. Whether such endorsement was upon the note or not, was wholly immaterial to the success of this suit. Without such endorsement, the present form of the action would have been clearly regular. With such endorsement while in blank, the holder has a right to sue in the name of the blank endorser for his own use. Sater et al., vs. Hendershott, decided at July term, 1841, and Temple, vs. Hays & Hendershott, decided December term, 1839.

Now an endorsement upon a note which is not material to the success of the suit need not be set forth in giving a copy of the instrument. When suit is brought by the endorsee, against the maker, the endorsement is a material point of the instrument, and must be set forth or the copy is incomplete and may be objected to for a variance, but not where the endorser himself sues the maker. The erasure of the blank endorsement therefore, whether strictly right or wrong, was no substantial error. Being an immaterial act, it is no ground of reversal.

Judgment affirmed.